Slip Op. 22-5

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NEXTEEL CO., LTD. ET AL., <br><br>   Plaintiff and Consolidated Plaintiffs, <br><br> and <br><br> HUSTEEL CO., LTD. and HYUNDAI STEEL COMPANY, <br><br>   Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br>   Defendant, <br><br> and <br><br> CALIFORNIA STEEL INDUSTRIES, INC. ET AL., <br><br>   Defendant-Intervenors and Consolidated Defendant-Intervenors. | Before: Claire R. Kelly, Judge <br><br> Consol. Court No. 20-03898 |

**OPINION AND ORDER**

[Denying the motion to stay.]

Dated: January 21, 2022

Elizabeth J. Drake Schagrin Associates of Washington, D.C. for defendant-intervenors California Steel Industries, Inc. and Welspun Tubular LLC USA. Also on the brief were Roger B. Schagrin, and Michelle R. Avrutin.

J. David Park Arnold & Porter Kay Scholer LLP of Washington, D.C. for plaintiff NEXTEEL Co., Ltd. Also on the brief were Henry D. Almond, Daniel R. Wilson, Leslie C. Bailey, and Kang Woo Lee.

Jeffery M. Winton Winton & Chapman PLLC of Washington, D.C. for consolidated plaintiff SeAH Steel Corporation. Also on the brief were Michael J. Chapman, Amrietha Nellan, Vi Mai, and Jooyoun Jeong.

Jarrod M. Goldfeder Trade Pacific PLLC, of Washington, D.C. for consolidated plaintiff and plaintiff-intervenor Hyundai Steel Company. Also on the brief was Robert G. Gosselink.

Donald B. Cameron Morris, Manning & Martin, LLP of Washington D.C. for plaintiff-intervenor Husteel Co., Ltd. Also on the brief were Julie C. Mendoza, R. Will Planert, Brady W. Mills, Mary S. Hodgins, Eugene Degnan, Edward J. Thomas III, and Jordan L. Fleischer.

Kelly, Judge: Before the court is Defendant-Intervenors California Steel Industries, Inc.'s ("CSI") and Welspun Tubular LLC USA's ("Welspun") partial consent motion to stay proceedings pending the final disposition of Hyundai Steel Co. v. United States, Fed. Cir. Appeal No. 21-1748. Partial Consent Mot. to Stay, Jan. 13, 2022, ECF No. 84 ("Mot. to Stay"). For the reasons that follow, CSI's and Welspun's motion to stay is denied.

## BACKGROUND

Plaintiff NEXTEEL Co., Ltd. ("Nexteel") commenced this action pursuant to 516A(d) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c)[1] contesting certain aspects of Commerce final results of the third

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2018 edition.

Consol. Court No. 20-03898 Page 3

administrative review of the antidumping duty ("ADD") order on welded line pipe from the Republic of Korea ("WLP from Korea"). [2] See Summons, Mar. 30, 2020, ECF No. 1; Compl., Dec. 11, 2020, ECF No. 11; see also [WLP from Korea], 85 Fed. Reg 76,517 (Dep't Commerce Nov. 30, 2020) (Final Results of [ADD] Admin. Review; 2018-2018) ("Final Results"). On May 24, 2021, Nexteel, Husteel Co., Ltd. ("Husteel"), SeAh Steel Corporation ("SeAH"), and Hyundai Steel Company ("Hyundai") (collectively "Plaintiffs"), motioned for judgment on the agency record pursuant to U.S. Court of International Trade Rule 56.2. ECF Nos. 58–63. Among the issues raised was Commerce's decision to apply a particular market situation ("PMS") adjustment when it conducted the sales-below-cost test to calculate normal value. Pl.-Intervenor [Husteel's] Br. in Supp. of Mot. for J. Agency Record 7–10, May 24, 2021, ECF No. 58-2; Memo. in Supp. of Pl. and Consol. Pl. [Nexteel]'s R. 56. 2 Mot. for J. Agency Record 18–21, May 24, 2021, ECF No. 60-2; Br. of [SeAH] in Supp. of R. 56.2 Mot. for J. Agency Record 5–8, May 24, 2021, ECF No. 62-1; Memo. in Supp. of

---

[2] On January 21, 2021 the court granted a motion for consolidation. Order on Consent Mot. to Consol. Cases, Jan. 21, 2021, ECF No. 50 (consolidating NEXTEEL Co. Ltd. v. United States, Ct. No. 20-03898, SeAH Steel Corporation v. United States, Ct. No. 20-3935, and Hyundai Steel Company v. United States, Ct. No. 20-03940 under NEXTEEL Co., Ltd. v. United States, Ct. No. 20-3898); Def.'s Mot. to Consol. Cases, Jan. 7, 2021, ECF No. 26. The court issued several orders granting motions to intervene. ECF Nos. 18 (designating Husteel Co., Ltd. as a plaintiff-intervenor), 46 (designating Hyundai Steel Company as a plaintiff-intervenor), 47 (designating CSI and Welspun as defendant-intervenors), 48 (designating American Cast Iron Pipe Company and Stupp Corporation as defendant-intervenors), 51 (designating Maverick Tube Corporation and IPSCO Tubulars Inc. as defendant-intervenors), 54 (designating CSI and Welspun as defendant-intervenors in member Ct. Nos. 20-03935 and 20-03940).

Mot. of Consol. Pl. and Pl.-Intervenor [Hyundai], for J. Agency Record 7–9, May 24, 2021, ECF No. 63-1.  The case is fully briefed, see ECF Nos. 69-71, 74-77, and the court has scheduled Oral Argument for February 4, 2022. Order, Nov. 19. 2021, ECF No. 83.

Contemporaneously, the United States Court of Appeals for the Federal Circuit ("Court of Appeals") held that the Trade Preferences Extension Act of 2015 did not enable Commerce to apply a PMS adjustment to the calculation of costs of production under the sales-below-cost test when calculating normal value. Hyundai Steel Co. v. United States, 19 F.4th 1346, 1352–1356 (Fed. Cir. 2021).  Welspun, the appellant in Hyundai, filed a motion to extend the time to file a petition for a rehearing en banc until February 8, 2022.  Mot. to Stay at 2; see also Def.-Appellant [Welspun]'s Unopposed Mot. for an Extension of Time, Hyundai Steel Co. v. United States, No. 21-1748 (Fed. Cir. Dec. 28, 2021), ECF No. 72 ("Welspun's Mot. to Extend").  The Court of Appeals granted Welspun's motion on January 3, 2022.  Mot. to Stay at 2; see also Order, Hyundai Steel Co. v. United States, No. 21-1748 (Fed. Cir. Jan. 3, 2022), ECF No. 74.  On January 13, 2022 CSI and Welspun filed a motion to stay these proceedings until the final disposition of Hyundai.  Mot. to Stay.  On January 20, 2022, Plaintiffs filed their joint opposition to the Mot. to Stay.  Pls.' Joint Opp. To [Mot. to Stay.], Jan. 20, 2022, ECF No. 85.  ("Pls.' Resp.")

**JURISDICTION AND STANDARD OF REVIEW**

Consol. Court No. 20-03898                                                                                          Page 5

This court has jurisdiction according to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c).

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). Although the decision to grant or deny a stay rests within the court's sound discretion, courts must weigh and maintain an even balance between competing interest when deciding whether a stay is appropriate. See id. at 254–55; see also Cherokee Nation v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted). If there is "even a fair possibility that [a] stay" will do damage to the opposing party, the movant "must make out a clear case of hardship or inequity in being required to go forward[.]" See Landis, 299 U.S. at 255.

## DISCUSSION

CSI and Welspun submit that granting the stay would promote judicial economy because Hyundai concerns Commerce's statutory authority to make a PMS adjustment when conducting the sales-below-cost test, an issue virtually identical to an issue before this court, and the Court of Appeals' decision in Hyundai will "dictate the outcome of this appeal." Mot. to Stay at 1. Furthermore, CSI and Welspun argue that a stay will not cause undue harm or prejudice. Id. at 2. Plaintiffs argue that CSI and Welspun failed to show any hardship or inequity that would follow if the case proceeded in the normal course, however a stay would materially injure Plaintiffs.

Pls.' Resp. at 2, 6.  Plaintiffs also argue that granting a stay does not serve the public interest of "just, speedy, and inexpensive determination of every action and proceeding," the Court's paramount obligation.  Id. at 7 (quoting U.S. Ct. of Int'l Trade R. 1).

On a motion to stay, the court considers whether the proposed stay promotes judicial economy.  See, e.g., Diamond Sawblades Mfrs' Coal. v. United States, 34 CIT 404, 406–08 (2010).  Generally, speculative claims regarding the possible impact of a future decision on the disposition of the case at bar do not suffice to warrant a stay.  See e.g., Georgetown Steel Co. v. United States, 27 CIT 550, 552–56 (2003) (denying a motion to stay pending resolution of an appeal with speculative relevance to the case at bar); Ethan Allen Global, Inc. v. United States, Slip Op. 14-76, 2014 WL 2898617 (Ct. Int'l Trade June 27, 2014) (denying a motion to stay pending the final resolution of a petition for a writ of certiorari to the U.S. Supreme Court).  However, the court has granted stays pending ongoing litigation of issues that are central to the court's decision.  See e.g., RHI Refractories Liaoning Co. v. United States, 35 CIT 407, 411–12 (2011) (granting a stay pending ongoing litigation of an important question of law before the Court of Appeals).

Here CSI's and Welspun's suggestion that a stay will promote judicial economy is speculative.  CSI and Welspun are hopeful that the Court of Appeals will reverse course on the statutory issue recently decided in Hyundai.  Yet, the Court of Appeals

has not granted rehearing. Indeed, rehearing has yet to be sought.[3] Thus far Welspun has only requested additional time to petition for rehearing. See Welspun's Mot. to Extend at 2, Hyundai Steel Co. v. United States, No. 21-1748 (Fed. Cir. Dec. 28, 2021), ECF No. 72 (requesting an extension of time "to allow adequate time for Welspun to determine whether a petition for rehearing or rehearing en banc is warranted in this appeal"). Therefore, the court cannot be certain that granting a stay at this time would serve any purpose other than to delay the resolution of this case in contravention of the Court's objective to ensure the "just, speedy, and inexpensive determination of every action and proceeding." U.S. Ct. of Int'l Trade R. 1.

Nor do CSI and Welspun point to any harm they will endure if the court denies the motion to stay. If rehearing is granted and the Court of Appeals reverses course on the issue at hand, the movants would be able to take advantage of that change either before this Court or the Court of Appeals. No party suggests otherwise. Without more, the court lacks a compelling reason to stay the case. See Giorgio Foods, Inc. v. United States, 37 CIT 152, 155 (2013).

## CONCLUSION

For the foregoing reasons, it is

---

[3] CSI and Welspun assert that Welspun will be petitioning for rehearing. Mot. to Stay at 4.

Consol. Court No. 20-03898 Page 8

**ORDERED** that California Steel Industries Inc.'s and Welspun Tubular LLC USA's motion to stay is denied.

/s/ Claire R. Kelly  
Claire R. Kelly, Judge

Dated: January 21, 2022  
New York, New York