UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| NEXTEEL CO., LTD., ET AL., <br><br> Plaintiff and Consolidated Plaintiffs, <br><br> and <br><br> HUSTEEL CO., LTD., AND HYUNDAI STEEL COMPANY, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> CALIFORNIA STEEL INDUSTRIES, INC. ET AL., <br><br> Defendant-Intervenors and Consolidated Defendant-Intervenors. | Consolidated Court No. 20-03898 |

COMMENTS OF
SEAH STEEL CORPORATION
ON COMMERCE'S REMAND REDETERMINATION

PUBLIC DOCUMENT

WINTON & CHAPMAN PLLC
1900 L Street, N.W., Suite 611
Washington, D.C. 20036
(202) 774-5500

Attorneys for SeAH Steel Corporation

August 17, 2022

Table of Contents

Page

A. Commerce's Negative PMS Finding in its Remand Redetermination Complied with This Court's Remand Order............................... 2

B. Other Issues Pertaining to SeAH Do Not Need to Be Addressed Further in This Appeal ................................................................ 3

CONCLUSION ................................................................................................................. 4

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| NEXTEEL CO., LTD., ET AL.,<br><br>        Plaintiff and<br>        Consolidated Plaintiffs,<br><br>and<br><br>HUSTEEL CO., LTD., AND HYUNDAI STEEL COMPANY,<br><br>        Plaintiff-Intervenors,<br><br>v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>and<br><br>CALIFORNIA STEEL INDUSTRIES, INC. ET AL.,<br><br>        Defendant-Intervenors<br>        and Consolidated<br>        Defendant-Intervenors. | Consolidated Court<br>No. 20-03898 |

COMMENTS OF
SEAH STEEL CORPORATION
ON COMMERCE'S REDETERMINATION ON REMAND

    This brief is submitted on behalf of SeAH Steel Corporation ("SeAH") to comment on the redetermination on remand by the Department of Commerce in the third administrative review of Welded Line Pipe ("Line Pipe") from Korea.[1]

---

[1] *See* Commerce's July 18, 2022, Final Results of Redetermination Pursuant to Court Remand (hereinafter "Redetermination"), ECF No. 96.

### A. Commerce's Negative PMS Finding in its Remand Redetermination Complied with This Court's Remand Order

The Court's April 19 decision held that Commerce's explanation for its finding of a particular market situation ("PMS") in the above-referenced review was not supported by substantial evidence.[2] Accordingly, the Court remanded the case for further explanation or reconsideration consistent with the Court's opinion.[3] In its Redetermination, Commerce concluded, "under respectful protest," that "in light of the limitations of the information on the record… {and} the Court's opinion, {Commerce is} unable to determine that a PMS exists that distorts the COP of WLP."[4]

As explained at length in our previous submissions to the Court, we fully agree that Commerce's PMS finding was not supported by substantial evidence on the record.[5] Furthermore, as noted in the Redetermination, no party could point to new evidence on the record that was not already considered by Commerce when it reached its original final determination.[6] Since the Court rejected Commerce's finding in the final determination for failing to be supported by substantial evidence, Commerce correctly determined on remand that the evidence on the record did not support a finding of a PMS. The Court, therefore, should affirm the Redetermination's decision to recalculate the dumping margins for SeAH without any PMS adjustment.

---

[2] *See NEXTEEL v. United States*, Case No. 20-03898, Slip Op. 22-37, at 10-15 (CIT April 19, 2022).

[3] *See id.* at 9-15, 21 and 34-35.

[4] Redetermination at 6.

[5] *See* SeAH's May 24, 2021, Initial Brief at 2-3 and 5-29, ECF No. 61.

[6] *See* Redetermination at 16.

    B.    *Other Issues Pertaining to SeAH Do Not Need to Be Addressed Further in This Appeal*

In its April 19 order, the Court also held that the regression analysis used by Commerce to calculate the PMS adjustment was not supported by substantial evidence,[7] that the application of a PMS adjustment to SeAH's cost of hot-rolled coil for purposes of the sales-below-cost test was not permitted by statute,[8] and that Commerce's denial of a constructed-export-price offset for SeAH was not supported by substantial evidence.[9] Commerce did not reach the substance of these issues in its Redetermination on the basis that the issues have been rendered moot due to its reversal of the PMS determination.

Specifically Commerce stated that, because it has concluded that a finding of a PMS is not supported by substantial evidence in its Redetermination, it is not necessary to address any issues concerning the validity of the regression used to calculate the PMS adjustment in the underlying administrative review or the permissibility of applying a PMS adjustment for the sales-below-cost-test.[10] We agree that, as long as there is a negative PMS determination, these issues have been rendered moot and that it is not necessary for Commerce to address them further in this appeal.

Furthermore, in its Redetermination, Commerce found that without a PMS adjustment, the dumping margins for SeAH would be zero regardless of whether it applied a constructed-export-price offset.[11] Therefore, Commerce stated that it is not necessary to

---

[7] *See NEXTEEL*, Slip Op. 22-37 at 20-21.

[8] *See id.* at 9-10.

[9] *See id.* at 33.

[10] *See* Redetermination at 6.

[11] *See id.* at 12.

address whether Commerce's denial of a constructed-export-price offset for SeAH was supported by substantial evidence.[12] We agree that, as along as the dumping margin for SeAH is zero, the issues concerning the applicability of a constructed-export-price offset have been rendered moot and that it is not necessary for Commerce to address them further in this appeal.

CONCLUSION

For the foregoing reasons, we respectfully request that Commerce's Remand Redetermination be affirmed as it applies to SeAH.

                                         Respectfully submitted,

                                         /s/Jeffrey M. Winton

                                         Jeffrey M. Winton
                                         Amrietha Nellan
                                         Ruby Rodriguez

                                         WINTON & CHAPMAN PLLC
                                         1900 L Street, N.W., Suite 611
                                         Washington, D.C. 20036
                                         (202) 774-5500

                                         Attorney for SeAH Steel Corporation

August 17, 2022

---

[12] *See id.*

<u>Certificate of Compliance</u>

    Pursuant to the Court's "Standard Chambers Procedures," I, Jeffrey M. Winton, hereby certify that the word count function of the word-processing system used to prepare the foregoing brief indicates that the brief contains 735 words including headings, footnotes, and quotations, but not including the cover, caption, table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature block.

                                                                                        <u>/s/Jeffrey M. Winton</u>

August 17, 2022