| Tab. No. | Document | Date | P.R. | C.R. | Pages Included |
|---|---|---|---|---|---|
| 1 | Initiation Notice | 3/14/2019 | 6 | - | All |

Case 1:20-cv-03898-CRK   Document 114-1   Filed 09/30/22   Page 2 of 13
Barcode:3804140-01 A-580-876 REV - Admin Review 12/1/17 - 11/30/18

Federal Register / Vol. 84, No. 50 / Thursday, March 14, 2019 / Notices    9297

A–570–967 and C–570–968: Aluminum Extrusions From the People's Republic of China

*Requestor:* Kota International, LTD (Kota); In a concurrent anti-circumvention final determination, Commerce found that heat-treated extruded aluminum products from China that meet the chemical specifications for 5050 grade aluminum alloy, regardless of producer, exporter, or importer, constitute later-developed merchandise that is circumventing the Orders, and is thus included within the scope of the Orders. As a result, Commerce determined that aluminum extrusions made from ACS–50 aluminum alloy material tempered through heat treating imported by Kota are covered by the scope of the Orders; July 20, 2017.

A–570–967 and C–570–968: Aluminum Extrusions From the People's Republic of China

*Requestor:* Aluminum Extrusions Fair Trade Committee; Heat-treated extruded aluminum products that meet the chemical specifications for 5050-grade aluminum alloy, regardless of producer, exporter, or importer, constitute later-developed merchandise, and are circumventing the antidumping and countervailing duty orders on aluminum extrusions from China; July 26, 2017.

A–602–807, A–351–842, A–570–022, C–570–023, A–560–828, C–560–829, A–471–807: Certain Uncoated Paper From Australia, Brazil, the People's Republic of China, Indonesia, and Portugal

*Requestor:* United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union; Domtar Corporation; Finch Paper LLC; P.H. Glatfelter Company; and Packaging Corporation of America Imports of uncoated paper with a GE brightness of 83 +/– 1%, otherwise meeting the description in-scope merchandise, constitute merchandise "altered in form or appearance in minor respects" from in-scope merchandise and are subject to the AD and CVD orders on certain uncoated paper; September 1, 2017 (82 FR 41610).

Interested parties are invited to comment on the completeness of this list of completed scope inquiries. Any comments should be submitted to the Deputy Assistant Secretary for AD/CVD Operations, Enforcement and Compliance, International Trade Administration, 1401 Constitution Avenue NW, APO/Dockets Unit, Room 18022, Washington, DC 20230.

This notice is published in accordance with 19 CFR 351.225(o).

Dated: March 11, 2019.

**James Maeder,**
*Associate Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations, performing the duties of Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations.*

[FR Doc. 2019–04752 Filed 3–13–19; 8:45 am]

**BILLING CODE 3510–DS–P**

---

## DEPARTMENT OF COMMERCE

## International Trade Administration

## Initiation of Antidumping and Countervailing Duty Administrative Reviews

**AGENCY:** Enforcement and Compliance, International Trade Administration, Department of Commerce.

**SUMMARY:** The Department of Commerce (Commerce) has received requests to conduct administrative reviews of various antidumping and countervailing duty orders and findings with December anniversary dates. In accordance with Commerce's regulations, we are initiating those administrative reviews.

**DATES:** Applicable March 14, 2019.

**FOR FURTHER INFORMATION CONTACT:** Brenda E. Brown, Office of AD/CVD Operations, Customs Liaison Unit, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce, 1401 Constitution Avenue NW, Washington, DC 20230, telephone: (202) 482–4735.

**SUPPLEMENTARY INFORMATION:**

### Background

Commerce has received timely requests, in accordance with 19 CFR 351.213(b), for administrative reviews of various antidumping and countervailing duty orders and findings with December anniversary dates.

All deadlines for the submission of various types of information, certifications, or comments or actions by Commerce discussed below refer to the number of calendar days from the applicable starting time.

### Notice of No Sales

If a producer or exporter named in this notice of initiation had no exports, sales, or entries during the period of review (POR), it must notify Commerce within 30 days of publication of this notice in the **Federal Register**. All submissions must be filed electronically at *http://access.trade.gov* in accordance with 19 CFR 351.303.[1] Such submissions are subject to verification in accordance with section 782(i) of the Tariff Act of 1930, as amended (the Act). Further, in accordance with 19 CFR 351.303(f)(1)(i), a copy must be served on every party on Commerce's service list.

### Respondent Selection

In the event Commerce limits the number of respondents for individual examination for administrative reviews initiated pursuant to requests made for the orders identified below, except for the review of the antidumping duty order on crystalline silicon photovoltaic cells, whether or not assembled into modules (solar cells and modules) from the People's Republic of China, Commerce intends to select respondents based on U.S. Customs and Border Protection (CBP) data for U.S. imports during the period of review. We intend to place the CBP data on the record within five days of publication of the initiation notice and to make our decision regarding respondent selection within 30 days of publication of the initiation **Federal Register** notice. Comments regarding the CBP data and respondent selection should be submitted seven days after the placement of the CBP data on the record of this review. Parties wishing to submit rebuttal comments should submit those comments five days after the deadline for the initial comments.

In the event Commerce decides it is necessary to limit individual examination of respondents and conduct respondent selection under section 777A(c)(2) of the Act:

In general, Commerce has found that determinations concerning whether particular companies should be "collapsed" (*e.g.*, treated as a single entity for purposes of calculating antidumping duty rates) require a substantial amount of detailed information and analysis, which often require follow-up questions and analysis. Accordingly, Commerce will not conduct collapsing analyses at the respondent selection phase of this review and will not collapse companies at the respondent selection phase unless there has been a determination to collapse certain companies in a previous segment of this antidumping proceeding (*e.g.*, investigation, administrative review, new shipper review or changed circumstances review). For any company subject to this

---

[1] *See Antidumping and Countervailing Duty Proceedings: Electronic Filing Procedures; Administrative Protective Order Procedures,* 76 FR 39263 (July 6, 2011).

review, if Commerce determined, or continued to treat, that company as collapsed with others, Commerce will assume that such companies continue to operate in the same manner and will collapse them for respondent selection purposes. Otherwise, Commerce will not collapse companies for purposes of respondent selection. Parties are requested to (a) identify which companies subject to review previously were collapsed, and (b) provide a citation to the proceeding in which they were collapsed. Further, if companies are requested to complete the Quantity and Value (Q&V) Questionnaire for purposes of respondent selection, in general each company must report volume and value data separately for itself. Parties should not include data for any other party, even if they believe they should be treated as a single entity with that other party. If a company was collapsed with another company or companies in the most recently completed segment of this proceeding where Commerce considered collapsing that entity, complete Q&V data for that collapsed entity must be submitted.

In the event Commerce limits the number of respondents for individual examination in the administrative review of the antidumping duty order on solar cells and modules from the People's Republic of China, Commerce intends to select respondents based on volume data contained in responses to Q&V Questionnaires. Further, Commerce intends to limit the number of Q&V Questionnaires issued in the review based on CBP data for U.S. imports of solar cells and solar modules from the People's Republic of China. The units used to measure the imported quantities of solar cells and solar modules are "number"; however, it would not be meaningful to sum the number of imported solar cells and the number of imported solar modules in attempting to determine the largest People's Republic of China exporters of subject merchandise by volume. Therefore, Commerce will limit the number of Q&V Questionnaires issued based on the import values in CBP data which will serve as a proxy for imported quantities. Parties subject to the review to which Commerce does not send a Q&V Questionnaire may file a response to the Q&V Questionnaire by the applicable deadline if they desire to be included in the pool of companies from which Commerce will select mandatory respondents. The Q&V Questionnaire will be available on Commerce 's website at *http://trade.gov/enforcement/news.asp* on the date of publication of this notice in the **Federal Register**. The

responses to the Q&V Questionnaire must be received by Commerce no later than 21 days after the signature date of this initiation notice. Please be advised that due to the time constraints imposed by the statutory and regulatory deadlines for antidumping duty administrative reviews, Commerce does not intend to grant any extensions for the submission of responses to the Q&V Questionnaire. Parties will be given the opportunity to comment on the CBP data used by Commerce to limit the number of Q&V Questionnaires issued. We intend to place CBP data on the record within five days of publication of this notice in the **Federal Register**. Comments regarding the CBP data and respondent selection should be submitted seven days after placement of the CBP data on the record.

**Deadline for Withdrawal of Request for Administrative Review**

Pursuant to 19 CFR 351.213(d)(1), a party that has requested a review may withdraw that request within 90 days of the date of publication of the notice of initiation of the requested review. The regulation provides that Commerce may extend this time if it is reasonable to do so. Determinations by Commerce to extend the 90-day deadline will be made on a case-by-case basis.

**Deadline for Particular Market Situation Allegation**

Section 504 of the Trade Preferences Extension Act of 2015 amended the Act by adding the concept of particular market situation (PMS) for purposes of constructed value under section 773(e) of the Act.[2] Section 773(e) of the Act states that "if a particular market situation exists such that the cost of materials and fabrication or other processing of any kind does not accurately reflect the cost of production in the ordinary course of trade, the administering authority may use another calculation methodology under this subtitle or any other calculation methodology." When an interested party submits a PMS allegation pursuant to section 773(e) of the Act, Commerce will respond to such a submission consistent with 19 CFR 351.301(c)(v). If Commerce finds that a PMS exists under section 773(e) of the Act, then it will modify its dumping calculations appropriately.

Neither section 773(e) of the Act nor 19 CFR 351.301(c)(v) set a deadline for the submission of PMS allegations and supporting factual information. However, in order to administer section

---

[2] *See* Trade Preferences Extension Act of 2015, Public Law 114–27, 129 Stat. 362 (2015).

773(e) of the Act, Commerce must receive PMS allegations and supporting factual information with enough time to consider the submission. Thus, should an interested party wish to submit a PMS allegation and supporting new factual information pursuant to section 773(e) of the Act, it must do so no later than 20 days after submission of initial responses to section D of the questionnaire.

**Separate Rates**

In proceedings involving non-market economy (NME) countries, Commerce begins with a rebuttable presumption that all companies within the country are subject to government control and, thus, should be assigned a single antidumping duty deposit rate. It is Commerce's policy to assign all exporters of merchandise subject to an administrative review in an NME country this single rate unless an exporter can demonstrate that it is sufficiently independent so as to be entitled to a separate rate.

To establish whether a firm is sufficiently independent from government control of its export activities to be entitled to a separate rate, Commerce analyzes each entity exporting the subject merchandise. In accordance with the separate rates criteria, Commerce assigns separate rates to companies in NME cases only if respondents can demonstrate the absence of both *de jure* and *de facto* government control over export activities.

All firms listed below that wish to qualify for separate rate status in the administrative reviews involving NME countries must complete, as appropriate, either a separate rate application or certification, as described below. For these administrative reviews, in order to demonstrate separate rate eligibility, Commerce requires entities for whom a review was requested, that were assigned a separate rate in the most recent segment of this proceeding in which they participated, to certify that they continue to meet the criteria for obtaining a separate rate. The Separate Rate Certification form will be available on Commerce's website at *http://enforcement.trade.gov/nme/nme-sep-rate.html* on the date of publication of this **Federal Register** notice. In responding to the certification, please follow the "Instructions for Filing the Certification" in the Separate Rate Certification. Separate Rate Certifications are due to Commerce no later than 30 calendar days after publication of this **Federal Register** notice. The deadline and requirement for submitting a Certification applies

Federal Register / Vol. 84, No. 50 / Thursday, March 14, 2019 / Notices    9299

equally to NME-owned firms, wholly foreign-owned firms, and foreign sellers who purchase and export subject merchandise to the United States.

Entities that currently do not have a separate rate from a completed segment of the proceeding[3] should timely file a Separate Rate Application to demonstrate eligibility for a separate rate in this proceeding. In addition, companies that received a separate rate in a completed segment of the proceeding that have subsequently made changes, including, but not limited to, changes to corporate structure, acquisitions of new companies or facilities, or changes to their official company name,[4] should timely file a Separate Rate Application to demonstrate eligibility for a separate rate in this proceeding. The Separate Rate Status Application will be available on Commerce's website at http://enforcement.trade.gov/nme/nme-sep-rate.html on the date of publication of this **Federal Register** notice. In responding to the Separate Rate Status Application, refer to the instructions contained in the application. Separate Rate Status Applications are due to Commerce no later than 30 calendar days of publication of this **Federal Register** notice. The deadline and requirement for submitting a Separate Rate Status Application applies equally to NME-owned firms, wholly foreign-owned firms, and foreign sellers that purchase and export subject merchandise to the United States.

For exporters and producers who submit a separate-rate status application or certification and subsequently are selected as mandatory respondents, these exporters and producers will no longer be eligible for separate rate status unless they respond to all parts of the questionnaire as mandatory respondents.

Furthermore, firms to which Commerce issues a Q&V questionnaire in the antidumping duty administrative review of solar cells and modules from the People's Republic of China must submit a timely and complete response to the Q&V questionnaire, in addition to a timely and complete Separate Rate Application or Certification in order to receive consideration for separate-rate status. In other words, Commerce will not give consideration to any timely Separate Rate Certification or Application made by parties to whom Commerce issued a Q&V questionnaire but who failed to respond in a timely manner to the Q&V questionnaire. Exporters subject to the antidumping duty administrative review of solar cells and modules from the People's Republic of China to which Commerce does not send a Q&V questionnaire may receive consideration for separate-rate status if they file a timely Separate Rate Application or a timely Separate Rate Certification without filing a response to the Q&V questionnaire. All information submitted by respondents in the antidumping duty administrative review of solar cells and modules from the People's Republic of China is subject to verification. As noted above, the Separate Rate Certification, the Separate Rate Application, and the Q&V questionnaire will be available on Commerce's website on the date of publication of this notice in the **Federal Register**.

### Initiation of Reviews

In accordance with 19 CFR 351.221(c)(1)(i), we are initiating administrative reviews of the following antidumping and countervailing duty orders and findings. We intend to issue the final results of these reviews not later than December 31, 2019.

|  | Period to be reviewed |
|---|---|
| **Antidumping Duty Proceedings** | |
| India: Carbazole Violet Pigment 23, A–533–838 ............................................... | 12/1/17–11/30/18 |
|     Pidilite Industries Limited | |
| India: Oil Country Tubular Goods,[5] A–533–857 ............................................... | 9/1/17–8/31/18 |
|     GVN Fuels, Ltd. | |
| Mexico: Circular Welded Non-Alloy Steel Pipe,[6] A–201–805 .......................... | 11/1/17–10/31/18 |
|     Arceros El Aguila y Arco Metal, S.A. de C.V. | |
|     Arco Metal S.A. de C.V. | |
| Oman: Circular Welded Carbon-Quality Steel Pipe, A–523–812 ..................... | 12/1/17–11/30/18 |
|     Al Jazeera Steel Products Co. SAOG | |
|     Al Samna Metal Manufacturing & Trading Company LLC | |
|     Ballore Logistics (Oman) LLC | |
|     Transworld Shipping Trading & Logistics Services LLC | |
| Republic of Korea: Welded Line Pipe, A–580–876 ............................................ | 12/1/17–11/30/18 |
|     AJU Besteel Co., Ltd. | |
|     BDP Interntional, Inc. | |
|     Daewoo International Corporation | |
|     Dongbu Incheon Steel Co. | |
|     Dongbu Steel Co., Ltd. | |
|     Dongkuk Steel Mill | |
|     Dong Yang Steel Pipe | |
|     EEW Korea Co., Ltd. | |
|     HISTEEL Co., Ltd. | |
|     Husteel Co., Ltd. | |
|     Hyundai RB Co. Ltd. | |
|     Hyundai Steel Company/Hyundai HYSCO | |
|     Kelly Pipe Co., LLC | |
|     Keonwoo Metals Co., Ltd. | |
|     Kolon Global Corp. | |
|     Korea Cast Iron Pipe Ind. Co., Ltd. | |
|     Kurvers Piping Italy S.R.L. | |
|     MSTEEL Co., Ltd. | |

---

[3] Such entities include entities that have not participated in the proceeding, entities that were preliminarily granted a separate rate in any currently incomplete segment of the proceeding (e.g., an ongoing administrative review, new shipper review, etc.) and entities that lost their separate rate in the most recently completed segment of the proceeding in which they participated.

[4] Only changes to the official company name, rather than trade names, need to be addressed via a Separate Rate Application. Information regarding new trade names may be submitted via a Separate Rate Certification.

|  | Period to be reviewed |
|---|---|
| Miju Steel MFG Co., Ltd. <br> NEXTEEL Co., Ltd. <br> Poongsan Valinox (Valtimet Division) <br> POSCO <br> POSCO Daewoo <br> R&R Trading Co. Ltd. <br> Sam Kang M&T Co., Ltd. <br> SeAH Steel Corp. <br> Sin Sung Metal Co., Ltd. <br> SK Networks <br> Soon-Hong Trading Company <br> Steel Flower Co., Ltd. <br> TGS Pipe <br> Tokyo Engineering Korea Ltd. |  |
| Russia: Certain Hot-Rolled Carbon Steel Flat Products, A-821-809 <br> Novolipetsk Steel (NLMK) <br> Severstal PAO <br> Severstal Export GmbH | 12/1/17-11/30/18 |
| Taiwan: Steel Wire Garment Hangers, A-583-949 <br> Charles Enterprise Co., Ltd. <br> Gee Ten Enterprise Co., Ltd. <br> Inmall Enterprises Co., Ltd. <br> Mindful Life and Coaching Co., Ltd. <br> Ocean Concept Corporation <br> Su-Chia International Ltd. <br> Taiwan Hanger Manufacturing Co., Ltd. <br> Young Max Enterprises Co. Ltd. | 12/1/17-11/30/18 |
| The People's Republic of China: Certain Cased Pencils, A-570-827 <br> Beijing Fila Dixon Stationery Co., Ltd. (aka Beijing Dixon Ticonderoga Stationery Co., Ltd. and Beijing Dixon Stationery Co., Ltd.) <br> Fila Dixon Stationery (Kunshan) Co., Ltd. <br> Ningbo Homey Union Co., Ltd. <br> Orient International Holding Shanghai Foreign Trade Co., Ltd. <br> Shandong Rongxin Import & Export Co., Ltd. <br> Shandong Wah Yuen Stationery Co. Ltd. <br> Tianjin Tonghe Stationery Co. Ltd. <br> Wah Yuen Stationery Co. Ltd. | 12/1/17-11/30/18 |
| The People's Republic of China: Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, A-570-979 <br> Anji DaSol Solar Energy Science & Technology Co., Ltd. <br> BYD (Shangluo) Industrial Co., Ltd. <br> Canadian Solar (USA) Inc. <br> Canadian Solar Inc. <br> Canadian Solar International Limited/Canadian Solar Manufacturing (Changshu), Inc./Canadian Solar Manufacturing (Luoyang) Inc./CSI Cells Co., Ltd./CSI-GCL Solar Manufacturing (YanCheng) Co., Ltd./CSI Solar Power (China) Inc. <br> Changzhou Trina Solar Energy Co., Ltd./Trina Solar (Changzhou) Science and Technology Co., Ltd./Yancheng Trina Solar Energy Technology Co., Ltd./Changzhou Trina Solar Yabang Energy Co., Ltd./Turpan Trina Solar Energy Co., Ltd./Hubei Trina Solar Energy Co., Ltd./Trina Solar (Hefei) Science and Technology Co., Ltd. <br> Chint Solar (Zhejiang) Co., Ltd. <br> De-Tech Trading Limited HK <br> Dongguan Sunworth Solar Energy Co., Ltd. <br> Eoplly New Energy Technology Co., Ltd. <br> ERA Solar Co., Ltd. <br> ET Solar Energy Limited <br> ET Solar Industry Limited <br> Hangzhou Sunny Energy Science & Technology Co., Ltd. <br> Hangzhou Zhejiang University Sunny Energy Science and Technology Co., Ltd. <br> Hengdian Group DMEGC Magnetics Co., Ltd. <br> JA Solar Technology Yangzhou Co., Ltd. <br> Jiangsu High Hope Int'l Group <br> Jiangsu Sunlink PV Technology Co., Ltd. <br> Jiawei Solarchina (Shenzhen) Co., Ltd. <br> Jiawei Solarchina Co., Ltd. <br> JingAo Solar Co., Ltd. <br> Jinko Solar Co., Ltd. <br> Jinko Solar Import and Export Co., Ltd. <br> Jinko Solar International Limited <br> JinkoSolar (U.S.) Inc. <br> LERRI Solar Technology Co., Ltd. <br> LightWay Green New Energy Co., Ltd. <br> Nice Sun PV Co., Ltd. <br> Ningbo ETDZ Holdings, Ltd. <br> Ningbo Qixin Solar Electrical Appliance Co., Ltd. | 12/1/17-11/30/18 |

| | Period to be reviewed |
|---|---|
| Risen Energy Co., Ltd. | |
| Shanghai BYD Co., Ltd. | |
| Shanghai JA Solar Technology Co., Ltd. | |
| Shenzhen Portable Electronic Technology Co., Ltd. | |
| Shenzhen Sungold Solar Co., Ltd. | |
| Shenzhen Topray Solar Co., Ltd. | |
| Shenzhen Yingli New Energy Resources Co., Ltd. | |
| Sumec Hardware & Tools Co., Ltd. | |
| Sunpreme Inc. | |
| Sunpreme Solar Technology (Jiaxing) Co., Ltd. | |
| Systemes Versilis, Inc. | |
| Taizhou BD Trade Co., Ltd. | |
| tenKsolar (Shanghai) Co., Ltd. | |
| Toenergy Technology Hangzhou Co., Ltd. | |
| Wuxi Suntech Power Co., Ltd/Luoyang Suntech Power Co., Ltd. | |
| Wuxi Tianran Photovoltaic Co., Ltd. | |
| Xiamen Eco-sources Technology Co., Ltd. | |
| Yingli Energy (China) Company Limited/Baoding Tianwei Yingli New Energy Resources Co., Ltd./Tianjin Yingli New Energy Resources Co., Ltd./Hengshui Yingli New Energy Resources Co., Ltd./Lixian Yingli New Energy Resources Co., Ltd./Baoding Jiasheng Photovoltaic Technology Co., Ltd./Beijing Tianneng Yingli New Energy Resources Co., Ltd./Hainan Yingli New Energy Resources Co., Ltd./Shenzhen Yingli New Energy Resources Co., Ltd. | |
| Yingli Green Energy Holding Company Limited | |
| Yingli Green Energy International Trading Company Limited | |
| Zhejiang ERA Solar Technology Co., Ltd. | |
| Zhejiang Jinko Solar Co., Ltd. | |
| Zhejiang Sunflower Light Energy Science & Technology Limited Liability Company | |
| The People's Republic of China: Fresh Garlic,[7] A-570-831 | 11/1/17–10/31/18 |
| Chengwu County Yuanxiang Industries | |
| Chengwu Yuanxiang Industry and Commerce Co., Ltd. | |
| Jiangsu Lvhui Food Co., Ltd. | |
| Jiang Hua Yao Autonomous County Nikko Biotechnology Co., Ltd. | |
| Jiangyong Foreign Trade Corp. | |
| Lianyungang Xiangjiang Food Co., Ltd. | |
| Qingdao Ritai Food Co., Ltd. | |
| Shandong Chenhe International Trading Co., Ltd. | |
| Tianjin Calgry Import Export | |
| Weifang Naike Food Co., Ltd. | |
| The People's Republic of China: Honey, A-570-863 | 12/1/17–11/30/18 |
| Inner Mongolia Komway Import & Export Co., Ltd. | |
| Jiangsu Runchen Agricultural/Sideline Foodstuff Co., Ltd. | |
| Shenzhen Long Sheng Shang Mao Ltd. | |
| The People's Republic of China: Malleable Cast Iron Pipe Fittings, A-570-881 | 12/1/17–11/30/18 |
| Beijing Sai Lin Ke Hardware Co. Ltd. | |
| Beijing SLK Hardware | |
| Chengde Kaida Casting Co., Ltd. | |
| Jinan Meide Casting Co., Ltd. | |
| Langfang Pannext Pipe Fitting Co., Ltd. | |
| LDR Industries, Inc. | |
| Weifang Xinhuitong Metal Work Co. Ltd. | |
| The People's Republic of China: Multilayered Wood Flooring, A-570-970 | 12/1/17–11/30/18 |
| A&W (Shanghai) Woods Co., Ltd. | |
| Anhui Boya Bamboo & Wood Products Co., Ltd. | |
| Anhui Longhua Bamboo Product Co., Ltd. | |
| Anhui Yalong Bamboo & Wood Products Co. Ltd. | |
| Armstrong Wood Products (Kunshan) Co., Ltd.[8] | |
| Baroque Timber Zhongstan Co., Ltd. | |
| Benxi Flooring Factory (General Partnership) | |
| Benxi Wood Company | |
| Chinafloors Timber (China) Co., Ltd. | |
| Dalian Dajen Wood Co., Ltd. | |
| Dalian Deerfu Wooden Product Co., Ltd. | |
| Dalian Guhua Wooden Products Co., Ltd. | |
| Dalian Huade Wood Product Co., Ltd. | |
| Dalian Jaenmaken Wood Industry Co., Ltd. | |
| Dalian Jiahong Wood Industry Co., Ltd. | |
| Dalian Kemian Wood Industry Co., Ltd. | |
| Dalian Qianqiu Wooden Product Co., Ltd | |
| Dalian Shengyu Science And Technology Development Co., Ltd. | |
| Dalian Shumaike Floor Manufacturing Co., Ltd. | |
| Dalian T-Boom Wood Products Co., Ltd. | |
| Dongtai Fuan Universal Dynamics, LLC | |
| Dunhua City Hongyuan Wood Industry Co., Ltd. | |
| Dunhua City Jisen Wood Industry Co., Ltd.[9] | |

Case 1:20-cv-03898-CRK   Document 114-1   Filed 09/30/22   Page 7 of 13
Barcode:3804140-01 A-580-876 REV - Admin Review 12/1/17 - 11/30/18

**9302** Federal Register / Vol. 84, No. 50 / Thursday, March 14, 2019 / Notices

|  | Period to be reviewed |
|---|---|
| Dunhua City Wanrong Wood Industry Co., Ltd. |  |
| Dun Hua Sen Tai Wood Co., Ltd. |  |
| Dunhua Shengda Wood Industry Co., Ltd. |  |
| Fine Furniture (Shanghai) Limited and Double F Limited [10] |  |
| Fusong Jinlong Wooden Group Co., Ltd. |  |
| Fusong Jinqiu Wooden Product Co., Ltd. |  |
| Fusong Qianqui Wooden Product Ltd. |  |
| Guangzhou Homebon Timber Manufacturing Co., Ltd. |  |
| Guangzhou Panyu Kangda Board Co., Ltd. |  |
| Guangzhou Panyu Southern Star Co., Ltd. |  |
| HaiLin LinJing Wooden Products, Ltd. |  |
| Hangzhou Hanje Tee Company Limited |  |
| Hangzhou Zhengtian Industrial Co., Ltd. |  |
| Houzhou Chenchang Wood Co., Ltd. |  |
| Hunchun Forest Wolf Wooden Industry Co., Ltd. |  |
| Hunchun Xingjia Wooden Flooring Inc. |  |
| Huzhou Chenghang Wood Co. Ltd. |  |
| Huzhou Fulinmen Imp. & Exp. Co., Ltd. |  |
| Huzhou Jesonwood Co., Ltd. |  |
| Huzhou Sunergy World Trade Co., Ltd. |  |
| Innomaster Home (Zhongshan) Co., Ltd. |  |
| Jianfeng Wood (Suzhou) Co., Ltd. |  |
| Jiangsu Guyu International Trading Co., Ltd. |  |
| Jiangsu Keri Wood Co., Ltd. |  |
| Jiangsu Mingle Flooring Co., Ltd. |  |
| Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. |  |
| Jiangsu Simba Flooring Co., Ltd. |  |
| Jiangsu Yuhui International Trade Co., Ltd. |  |
| Jiashan HuiJiaLe Decoration Material Co., Ltd. |  |
| Jiashan On-Line Lumber Co., Ltd. |  |
| Jiaxing Hengtong Wood Co., Ltd. |  |
| Jilin Forest Industry Jinqiao Flooring Group Co., Ltd. |  |
| Jilin Xinyuan Wooden Industry Co., Ltd. |  |
| Kember Flooring, Inc. |  |
| Kemian Wood Industry (Kunshan) Co., Ltd. |  |
| Kingman Floors Co., Ltd. |  |
| Lauzon Distinctive Hardwood Flooring, Inc. |  |
| Linyi Anying Wood Co., Ltd. |  |
| Linyi Bonn Flooring Manufacturing Co., Ltd. |  |
| Linyi Youyou Wood Co., Ltd. |  |
| Metropolitan Hardwood Floors, Inc. |  |
| Mudanjiang Bosen Wood Industry Co., Ltd. |  |
| Nakahiro Jyou Sei Furniture (Dalian) Co., Ltd. |  |
| Omni Arbor Solutions Co., Ltd. |  |
| Pinge Timber Manufacturing (Zhejiang) Co., Ltd. |  |
| Power Dekor Group Co. Ltd. |  |
| Power Dekor North America Inc. |  |
| Scholar Home (Shanghai) New Material Co. Ltd. |  |
| Shandong Longteng Wood Co., Ltd. |  |
| Shanghai Lairunde Wood Co., Ltd. |  |
| Shanghaifloor Timber (Shanghai) Co., Ltd. |  |
| Shenyang Haobainian Wooden Co., Ltd. |  |
| Shenzhenshi Huanwei Woods Co., Ltd. |  |
| Sino-Maple (Jiangsu) Co., Ltd. |  |
| Suzhou Dongda Wood Co., Ltd. |  |
| Tongxiang Jisheng Import and Export Co., Ltd. |  |
| Xiamen Yung De Ornament Co., Ltd. |  |
| Xuzhou Antop International Trade Co., Ltd. |  |
| Xuzhou Shenghe Wood Co., Ltd. |  |
| Yekalon Industry, Inc. |  |
| Yihua Lifestyle Technology Co., Ltd. (successor-in-interest to Guangdong Yihua Timber Industry Co., Ltd.) |  |
| Zhejiang Biyork Wood Co., Ltd. |  |
| Zhejiang Dadongwu Green Home Wood Co., Ltd. |  |
| Zhejiang Fudeli Timber Industry Co., Ltd. |  |
| Zhejiang Fuerjia Wooden Co., Ltd. |  |
| Zhejiang Jiechen Wood Industry Co., Ltd. |  |
| Zhejiang Longsen Lumbering Co., Ltd. |  |
| Zhejiang Shiyou Timber Co., Ltd. |  |
| Zhejiang Shuimojiangnan New Material Technology Co., Ltd. |  |
| Zhejiang Simite Wooden Co., Ltd. |  |
| Turkey: Steel Concrete Reinforcing Bar,[11] C–489–819 | 1/1/17–12/31/17 |
| Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S. |  |
| Turkey: Welded Line Pipe, A–489–822 | 12/1/17–11/30/18 |
| Borusan Istikbal Ticaret |  |

Filed By: David Goldberger, Filed Date: 3/14/19 7:48 AM, Submission Status: Approved

| | Period to be reviewed |
|---|---|
| Borusan Mannesmann Boru Sanayi ve Ticaret A. | |
| Cayirova Boru Sanayii ve Ticaret A.S. | |
| Cimtas Boru Imalatlari ve Ticaret, Ltd. Sti. | |
| Emek Boru Makina Sanayi ve Ticaret A.S. | |
| Erbosan Erciyas Tube Industry and Trade Co. Inc. | |
| Erciyas Celik Boru Sanayii A.S. | |
| Guven Celik Boru Sanayii ve Ticaret Ltd. Sti. | |
| Has Altinyagmur celik Boru Sanayii ve Ticaret Ltd. Sti. | |
| HDM Steel Pipe Industry & Trade Co. Ltd. | |
| Metalteks Celik Urunleri Sanayii | |
| MMZ Onur Boru Profil Uretim Sanayii ve Ticaret A.S. | |
| Noksel Steel Pipe Co. Inc. | |
| Ozbal Celik Boru | |
| Toscelik Profile and Sheet Industry, Co. | |
| Tosyali Dis Ticaret A.S. | |
| Umran Celik Boru Sanayii | |
| YMS Pipe & Metal Sanayii A.S. | |
| Yucelboru Ihracat Ithalat Pazzarlam | |
| United Arab Emirates: Circular Welded Carbon-Quality Steel Pipe, A–520–807 ......................................... | 12/1/17–11/30/18 |
| Abu Dhabi Metal Pipes and Profiles Industries Complex | |
| Ajmal Steel Tubes & Pipes Ind. L.L.C | |
| Al Jazeera Steel Products Co. SAOG | |
| Al Mansoori Industrial Supply | |
| Baker Hughes EHO Ltd. | |
| BioAir Solutions LLC | |
| Bridgeway Shipping & Clearing Services, LLC | |
| Conares Meal Supply Ltd. | |
| Ferrofab FTZ | |
| Ferrolab LLC | |
| Global Steel Industries | |
| Halima Pipe Co., Ltd. | |
| KHK Scaffolding and Framework LLC | |
| Lamprell | |
| Link Middle East Ltd. | |
| Noble Marine Metals Co., W.L.L. | |
| Prime Metal Corp. USA | |
| PSL FZE | |
| Reyah Metal Trading FZE | |
| THL Pipe and Tube Industries LLC | |
| Three Star Metal Ind LLC | |
| Tiger Steel Industries LLC | |
| Universal Tube and Pipe Industries Limited | |
| Universal Tube and Plastic Industries, Ltd | |
| UTP Pipe USA Corp | |
| **Countervailing Duty Proceedings** | |
| India: Carbazole Violet Pigment 23, C–533–839 ......................................... | 1/1/17–12/31/17 |
| Pidilite Industries Limited | |
| The People's Republic of China: Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, C–570–980 ......................................... | 1/1/17–12/31/17 |
| Anji DaSol Solar Energy Science & Technology Co., Ltd. | |
| Baoding Jiasheng Photovoltaic Technology Co., Ltd. | |
| Baoding Tianwei Yingli New Energy Resources Co., Ltd. | |
| Beijing Tianneng Yingli New Energy Resources Co., Ltd. | |
| BYD (Shangluo) Industrial Co., Ltd. | |
| Canadian Solar (USA) Inc. | |
| Canadian Solar Inc. | |
| Canadian Solar International Limited | |
| Canadian Solar Manufacturing (Changshu) Inc. | |
| Canadian Solar Manufacturing (Luoyang) Inc. | |
| Changzhou Trina Solar Energy Co., Ltd. | |
| Changzhou Trina Solar Yabang Energy Co., Ltd. | |
| Chint Solar (Zhejiang) Co., Ltd. | |
| CSI Cells Co., Ltd. | |
| CSI–GCL Solar Manufacturing (Yancheng) Co., Ltd. | |
| De-Tech Trading Limited HK | |
| Dongguan Sunworth Solar Energy Co., Ltd. | |
| Eoplly New Energy Technology Co., Ltd. | |
| ERA Solar Co., Ltd. | |
| ET Solar Energy Limited | |
| Hainan Yingli New Energy Resources Co., Ltd. | |
| Hangzhou Sunny Energy Science and Technology Co., Ltd. | |
| Hengdian Group DMEGC Magnetics Co. Ltd. | |
| Hengshui Yingli New Energy Resources Co., Ltd. | |
| Hubei Trina Solar Energy Co., Ltd. | |

|  | Period to be reviewed |
|---|---|
| JA Solar Technology Yangzhou Co., Ltd. |  |
| JA Technology Yangzhou Co., Ltd. |  |
| Jiangsu High Hope Int'l Group |  |
| Jiawei Solarchina (Shenzhen) Co., Ltd. |  |
| Jiawei Solarchina Co., Ltd. |  |
| JingAo Solar Co., Ltd. |  |
| Jinko Solar (U.S.) Inc. |  |
| Jinko Solar Co., Ltd. |  |
| Jinko Solar Import and Export Co., Ltd. |  |
| Jinko Solar International Limited |  |
| LERRI Solar Technology Co., Ltd. |  |
| Lightway Green New Energy Co., Ltd. |  |
| Lixian Yingli New Energy, Resources Co., Ltd. |  |
| Luoyang Suntech Power Co., Ltd. |  |
| Nice Sun PV Co., Ltd. |  |
| Ningbo ETDZ Holdings, Ltd. |  |
| Ningbo Qixin Solar Electrical Appliance Co., Ltd. |  |
| Risen Energy Co., Ltd. |  |
| Shanghai BYD Co., Ltd. |  |
| Shanghai JA Solar Technology Co., Ltd. |  |
| Shenzhen Glory Industries Co., Ltd. |  |
| Shenzhen Sungold Solar Co., Ltd. |  |
| Shenzhen Topray Solar Co., Ltd. |  |
| Shenzhen Yingli New Energy Resources Co., Ltd. |  |
| Sumec Hardware & Tools Co., Ltd. |  |
| Sunpreme Solar Technology (Jiaxing) Co., Ltd. |  |
| Systemes Versilis, Inc. |  |
| Taizhou BD Trade Co., Ltd. |  |
| tenKsolar (Shanghai) Co., Ltd. |  |
| Tianjin Yingli New Energy Resources Co., Ltd. |  |
| Tianneng Yingli New Energy Resources Co., Ltd. |  |
| Toenergy Technology Hangzhou Co., Ltd. |  |
| Trina Solar (Changzhou) Science and Technology Co., Ltd. |  |
| Turpan Trina Solar Energy Co., Ltd. |  |
| Wuxi Suntech Power Co., Ltd. |  |
| Wuxi Tianran Photovoltaic Co., Ltd. |  |
| Yancheng Trina Solar Energy Technology Co., Ltd. |  |
| Yingli Energy (China) Company Limited |  |
| Yingli Green Energy Holding Company Limited |  |
| Yingli Green Energy International Trading Company Limited |  |
| Zhejiang ERA Solar Technology Co., Ltd. |  |
| Zhejiang Jinko Solar Co., Ltd. |  |
| Zhejiang Sunflower Light Energy Science & Technology Limited Liability Company |  |
| The People's Republic of China: Multilayered Wood Flooring,[12] C–570–971 ............................................................... | 1/1/17–12/31/17 |
| A&W (Shanghai) Woods Co., Ltd. |  |
| Anhui Boya Bamboo & Wood Products Co., Ltd. |  |
| Anhui Longhua Bamboo Product Co., Ltd. |  |
| Anhui Suzhou Dongda Wood Co., Ltd. |  |
| Armstrong Wood Products (Kunshan) Co., Ltd. |  |
| Baishan Huafeng Wooden Product Co., Ltd. |  |
| Baiying Furniture Manufacturer Co., Ltd. |  |
| Baroque Timber Industries (Zhongshan) Co., Ltd. |  |
| Benxi Flooring Factory (General Partnership) |  |
| Benxi Wood Company |  |
| Changbai Mountain Development And Protection Zone Hongtu Wood Industrial |  |
| Changzhou Hawd Flooring Co., Ltd. |  |
| Cheng Hang Wood Co., Ltd. |  |
| Chinafloors Timber (China) Co., Ltd. |  |
| Dalian Dajen Wood Co., Ltd. |  |
| Dalian Deerfu Wooden Product Co., Ltd. |  |
| Dalian Huade Wood Product Co., Ltd. |  |
| Dalian Huilong Wooden Products Co., Ltd. |  |
| Dalian Jaenmaken Wood Industry Co., Ltd. |  |
| Dalian Jiahong Wood Industry Co., Ltd. |  |
| Dalian Jinda Wood Products Corporation |  |
| Dalian Jiuyuan Wood Industry Co., Ltd. |  |
| Dalian Kemian Wood Industry Co., Ltd. |  |
| Dalian Meisen Woodworking |  |
| Dalian Penghong Floor Products Co., Ltd. |  |
| Dalian Qianqiu Wooden Product Co., Ltd |  |
| Dalian Shengyu Science and Technology Development Co., Ltd. |  |
| Dalian Shumaike Floor Manufacturing Co., Ltd. |  |
| Dalian T-Boom Wood Products Co., Ltd. |  |
| Dalian Xinjinghua Wood Co., Ltd. |  |

| | Period to be reviewed |
|---|---|
| Dongtai Fuan Universal Dynamics, LLC | |
| Dongtai Zhangshi Wood Industry Co. Ltd. | |
| Dun Hua Sen Tai Wood Co., Ltd. | |
| Dunhua City Dexin Wood Industry Co., Ltd. | |
| Dunhua City Hongyuan Wood Industry Co., Ltd. | |
| Dunhua City Jisen Wood Industry Co., Ltd. | |
| Dunhua City Wanrong Wood Industry Co., Ltd. | |
| Dunhua Shengda Wood Industry Co., Ltd. | |
| Fine Furniture (Shanghai) Limited | |
| Fu Lik Timber (HK) Co., Ltd. | |
| Fujian Wuyishan Werner Green Industry Co., Ltd. | |
| Furnco International Shanghai Company | |
| Fusong Jinlong Wooden Group Co., Ltd. | |
| Fusong Jinqiu Wooden Product Co., Ltd. | |
| Fusong Qianqiu Wooden Product Co., Ltd. | |
| Gaotang Weilong Industry and Trade | |
| Gold Seagull Shanghai Flooring | |
| GTP International Ltd. | |
| Guangdong Fu Lin Timber Technology Limited | |
| Guangdong Yihua Timber Industry Co., Ltd. | |
| Guangzhou Homebon Timber Manufacturing Co., Ltd. | |
| Guangzhou Panyu Kangda Board Co., Ltd. | |
| Guangzhou Panyu Southern Star Co., Ltd. | |
| HaiLin LinJing Wooden Products, Ltd. | |
| HaiLin XinCheng Wooden Products, Ltd. | |
| Hangzhou Dazhuang Floor Co., Ltd. (DBA Dasso Industrial Group Co., Ltd.) | |
| Hangzhou Hanje Tee Company Limited | |
| Hangzhou Huahi Wood Industry Co., Ltd. | |
| Hangzhou Zhengtian Industrial Co., Ltd. | |
| Henan Xingwangjia Technology Co., Ltd. | |
| Hong Kong Chuanshi Inernational | |
| Hong Kong Easoon Wood Technology Co., Ltd. | |
| Huaxin Jiasheng Wood Co., Ltd. | |
| Huber Engineering Wood Corp. | |
| Houzhou Chenchang Wood Co., Ltd. | |
| Hunchun Forest Wolf Wooden Industry Co., Ltd. | |
| Hunchun Xingja Wooden Flooring Inc. | |
| Huzhou City Nanxun Guangda Wood Co., Ltd. | |
| Huzhou Daruo Import and Export | |
| Huzhou Fulinmen Imp. & Exp. Co., Ltd. | |
| Huzhou Fuma Wood Co., Ltd. | |
| Huzhou Jesonwood Co., Ltd. | |
| Huzhou Laike Import and Export Co | |
| Huzhou Muyun Wood Co., Ltd. | |
| Huzhou Sunergy World Trade Co., Ltd. | |
| Innomaster Home (Zhongshan) Co., Ltd. | |
| Jesonwood Forest Products ZJ | |
| Jiafeng Wood (Suzhou) Co., Ltd. | |
| Jiangsu Guyu International Trading Co., Ltd. | |
| Jiangsu Kentier Wood Co., Ltd. | |
| Jiangsu Keri Wood Co., Ltd. | |
| Jiangsu Mingle Flooring Co., Ltd. | |
| Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. | |
| Jiangsu Simba Flooring Co., Ltd. | |
| Jiangsu Yuhui International Trade Co., Ltd. | |
| Jiashan Fengyun Timber Co., Ltd. | |
| Jiashan HuiJiaLe Decoration Material Co., Ltd. | |
| Jiashan On-Line Lumber Co., Ltd. | |
| Jiaxing Hengtong Wood Co., Ltd. | |
| Jilin Forest Industry Jinqiao Flooring Group Co., Ltd. | |
| Jilin Xinyuan Wooden Industry Co., Ltd. | |
| Karly Wood Product Limited | |
| Kember Flooring, Inc. | |
| Kemian Wood Industry (Kunshan) Co., Ltd. | |
| Kingman Floors Co., Ltd. | |
| Kornbest Enterprises Limited | |
| Kunming Alston (AST) Wood Products Co., Ltd. | |
| Les Planchers Mercier, Inc. | |
| Liaoning Daheng Timber Group | |
| Linyi Anying Wood Co., Ltd. | |
| Linyi Bonn Flooring Manufacturing Co., Ltd. | |
| Linyi Youyou Wood Co., Ltd. | |
| Logwin Air and Ocean Hong Kong | |
| Max Choice Wood Industry | |

| | Period to be reviewed |
|---|---|
| Metropolitan Hardwood Floors, Inc. | |
| Mudanjiang Bosen Wood Industry Co., Ltd. | |
| Nakahiro Jyou Sei Furniture (Dalian) Co., Ltd. | |
| Nanjing Minglin Wooden Industry Co., Ltd. | |
| Ningbo Tianyi Bamboo and Wood Products Co., Ltd. | |
| Pinge Timber Manufacturing (Zhejiang) Co., Ltd. | |
| Power Dekor Group Co. Ltd. | |
| Power Dekor North America Inc. | |
| PT. Tanjung Kreasi Parquet Industry | |
| Qingdao Barry Flooring Co., Ltd. | |
| Qingdao Wisdom International | |
| Riverside Plywood Corporation | |
| Samling Elegant Living Trading (Labuan) Ltd. | |
| Samling Riverside Co., Ltd. | |
| Scholar Home (Shanghai) New Material Co. Ltd. | |
| Shandong Kaiyuan Wood Industry Co., Ltd. | |
| Shandong Longteng Wood Co., Ltd. | |
| Shandong Puli Trading Co., Ltd. | |
| Shanghai Anxin (Weiguang) Timber Co., Ltd. | |
| Shanghai Demeija Timber Co., Ltd. | |
| Shanghai Eswell Timber Co., Ltd. | |
| Shanghai Lairunde Wood Co., Ltd. | |
| Shanghai Lizhong Wood Products Co., Ltd. (aka The Lizhong Wood Industry Limited Company of Shanghai) | |
| Shanghai New Sihe Wood Co., Ltd. | |
| Shanghai Shenlin Corporation | |
| Shanghaifloor Timber (Shanghai) Co., Ltd. | |
| Shenyang Haobainian Wooden Co., Ltd. | |
| Shenyang Sende Wood Co., Ltd. | |
| Shenzhenshi Huanwei Woods Co., Ltd. | |
| Sino-Maple (Jiangsu) Co., Ltd. | |
| Suifenhe Chengfeng Trading Co., Ltd. | |
| Sunyoung Wooden Products | |
| Suzhou Anxin Weiguang Timber Co., Ltd. | |
| Suzhou Dongda Wood Co., Ltd. | |
| Suzhou Times Flooring Co., Ltd. | |
| Tak Wah Building Material (Suzhou) Co. | |
| Tech Wood International Ltd. | |
| The Greenville Flooring Co., Ltd. | |
| Tongxiang Jisheng Import and Export Co., Ltd. | |
| Topocean Consolidation Service | |
| Vicwood Industry (Suzhou) Co. Ltd. | |
| Xiamen Yung De Ornament Co., Ltd. | |
| Xuzhou Antop International Trade Co., Ltd. | |
| Xuzhou Shenghe Wood Co., Ltd. | |
| Yekalon Industry, Inc. | |
| Yihua Lifestyle Technology Co., Ltd. | |
| Yingyi-Nature (Kunshan) Wood Industry Co., Ltd. | |
| Yixing Lion-King Timber Industry | |
| Zhejiang Anji Xinfeng Bamboo and Wood Industry Co., Ltd. | |
| Zhejiang Biyork Wood Co., Ltd. | |
| Zhejiang Dadongwu Auto Elect Motor | |
| Zhejiang Dadongwu Green Home Wood Co., Ltd. | |
| Zhejiang Desheng Wood Industry Co., Ltd. | |
| Zhejiang Fudeli Timber Industry Co., Ltd. | |
| Zhejiang Fuerjia Wooden Co., Ltd. | |
| Zhejiang Fuma Warm Technology Co., Ltd. | |
| Zhejiang Haoyun Wooden Co., Ltd. | |
| Zhejiang Jesonwood Co., Ltd. | |
| Zhejiang Jiaye Flooring | |
| Zhejiang Jiechen Wood Industry Co., Ltd. | |
| Zhejiang Longsen Lumbering Co., Ltd. | |
| Zhejiang Shiyou Timber Co., Ltd. | |
| Zhejiang Shuimojiangnan New Material Technology Co., Ltd. | |
| Zhejiang Simite Wooden Co., Ltd. | |
| Zhejiang Tianzhen Bamboo & Wood Development Co., Ltd. | |
| Zhejiang Yongyu Bamboo Joint-Stock Co., Ltd. | |
| **Suspension Agreements** | |
| Mexico: Sugar, A–201–845 ............................................................................................................................ | 12/1/17–11/30/18 |
| Mexico: Sugar, C–201–846 ............................................................................................................................ | 1/1/18–12/31/18 |

[5] In the initiation notice that published on November 15, 2018 (83 FR 57411), Commerce inadvertently excluded clarifying language with respect to the initiation of this review. This notice serves as a correction to the November 15, 2018 initiation notice. Excluded from the antidumping duty order are certain oil country tubular goods (OCTG) from India both produced and exported by the GVN single entity (comprised of GVN Fuels Ltd., Maharashtra Seamless Ltd., and Jindal Pipes Ltd.). *See Certain Oil Country Tubular Goods from India: Notice of Correction to Amended Final Determination and Amendment of Antidumping Duty Order of Sales at Less Than Fair Value*, 82 FR 35182 (July 28, 2017). Accordingly, Commerce is initiating this administrative review with respect to certain OCTG (1) produced by the GVN single entity, and exported by any other company, or (2) produced by any other company and exported by the GVN single entity.

[6] Commerce inadvertently listed two companies on one line in the initiation notice that published on February 6, 2019 (84 FR 2159). The companies listed above are individual companies.

[7] Commerce inadvertently did not include these companies in the initiation notice that published on February 6, 2019 (84 FR 2159). Accordingly, Commerce is initiating this administrative review with respect to these companies.

[8] On July 3, 2018, the United States Court of International Trade (CIT) entered its final judgement in *Changzhou Hawd Flooring Co., et al. v. United States*, sustaining, in part, the final results of remand redetermination pursuant to court order by Commerce pertaining to the less-than-fair-value (LTFV) investigation on multilayered wood flooring from the People's Republic of China. Pursuant to that CIT decision, effective July 13, 2018, Commerce excluded from the antidumping duty order, multilayered wood flooring that is produced and exported by Armstrong Wood Products (Kunshan) Co., Ltd. *See Multilayered Wood Flooring from the People's Republic of China: Notice of Court Decision Not in Harmony with the Second Amended Final Determination and Notice of Third Amended Final Determination of the Antidumping Duty Investigation*, 83 FR 35217 (July 25, 2018). Thus, Commerce is initiating an administrative review only on entries where Armstrong Wood Products (Kunshan) Co., Ltd. was (1) the producer but not the exporter, or (2) the exporter but not the producer of subject merchandise.

[9] On July 3, 2018, the CIT entered its final judgement in *Changzhou Hawd Flooring Co., et al. v. United States*, sustaining, in part, the final results of remand redetermination pursuant to court order by Commerce pertaining to the LTFV investigation on multilayered wood flooring from the People's Republic of China. Pursuant to that CIT decision, effective July 13, 2018, Commerce excluded from the antidumping duty order, multilayered wood flooring that is produced and exported by Dunhua City Jisen Wood Industry Co., Ltd. *See Multilayered Wood Flooring from the People's Republic of China: Notice of Court Decision Not in Harmony with the Second Amended Final Determination and Notice of Third Amended Final Determination of the Antidumping Duty Investigation*, 83 FR 35217 (July 25, 2018). Thus, Commerce is initiating an administrative review only on entries where Dunhua City Jisen Wood Industry Co., Ltd. was (1) the producer but not the exporter, or (2) the exporter but not the producer of subject merchandise.

[10] On July 3, 2018, the CIT entered its final judgement in *Changzhou Hawd Flooring Co., et al. v. United States*, sustaining, in part, the final results of remand redetermination pursuant to court order by Commerce pertaining to the LTFV investigation on multilayered wood flooring from the People's Republic of China. Pursuant to that CIT decision, effective July 13, 2018, Commerce excluded from the antidumping duty order, multilayered wood flooring that is produced and exported by Fine Furniture (Shanghai) Limited and Double F Limited. *See Multilayered Wood Flooring from the People's Republic of China: Notice of Court Decision Not in Harmony with the Second Amended Final Determination and Notice of Third Amended Final Determination of the Antidumping Duty Investigation*, 83 FR 35217 (July 25, 2018); *see also Multilayered Wood Flooring from the People's Republic of China: Amendment to Notice of Court Decision Not in Harmony with the Second Amended Final Determination and Notice of Third Amended Final Determination of the Antidumping Duty Investigation*, 83 FR 44027 (August 29, 2018). Thus, Commerce is initiating an administrative review only on entries where (1) Fine Furniture (Shanghai) Limited was the producer but not the exporter, or (2) Fine Furniture (Shanghai) Limited and Double F Limited was the exporter but not the producer of subject merchandise.

[11] Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S. was listed in the initiation notice that published on February 6, 2019 (84 FR 2159). However, entries of merchandise produced and exported by Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S. are excluded from the countervailing duty order. *See Steel Concrete Reinforcing Bar from the Republic of Turkey: Final Affirmative Countervailing Duty Determination Final Affirmative Critical Circumstances Determination*, 79 FR 54963 at 54964 (September 15, 2014). Commerce hereby clarifies that with respect to Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S., the initiation notice that published on February 6, 2019 covers entries of merchandise (1) produced by any other entity and exported by Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S. or (2) produced by Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S. and exported by another entity.

[12] We have not included the following companies with U.S. addresses for which an administrative review was improperly requested: (1) American Pacific Plywood, Inc., (2) Katy Green Trading Co, LLC, and (3) Samling Global USA, Inc.

## Duty Absorption Reviews

During any administrative review covering all or part of a period falling between the first and second or third and fourth anniversary of the publication of an antidumping duty order under 19 CFR 351.211 or a determination under 19 CFR 351.218(f)(4) to continue an order or suspended investigation (after sunset review), the Secretary, if requested by a domestic interested party within 30 days of the date of publication of the notice of initiation of the review, will determine whether antidumping duties have been absorbed by an exporter or producer subject to the review if the subject merchandise is sold in the United States through an importer that is affiliated with such exporter or producer. The request must include the name(s) of the exporter or producer for which the inquiry is requested.

## Gap Period Liquidation

For the first administrative review of any order, there will be no assessment of antidumping or countervailing duties on entries of subject merchandise entered, or withdrawn from warehouse, for consumption during the relevant provisional-measures "gap" period, of the order, if such a gap period is applicable to the POR.

## Administrative Protective Orders and Letters of Appearance

Interested parties must submit applications for disclosure under administrative protective orders in accordance with the procedures outlined in Commerce's regulations at 19 CFR 351.305. Those procedures apply to administrative reviews included in this notice of initiation. Parties wishing to participate in any of these administrative reviews should ensure that they meet the requirements of these procedures (*e.g.*, the filing of separate letters of appearance as discussed at 19 CFR 351.103(d)).

## Factual Information Requirements

Commerce's regulations identify five categories of factual information in 19 CFR 351.102(b)(21), which are summarized as follows: (i) Evidence submitted in response to questionnaires; (ii) evidence submitted in support of allegations; (iii) publicly available information to value factors under 19 CFR 351.408(c) or to measure the adequacy of remuneration under 19 CFR 351.511(a)(2); (iv) evidence placed on the record by Commerce; and (v) evidence other than factual information described in (i)–(iv). These regulations require any party, when submitting factual information, to specify under which subsection of 19 CFR 351.102(b)(21) the information is being submitted and, if the information is submitted to rebut, clarify, or correct factual information already on the record, to provide an explanation identifying the information already on the record that the factual information seeks to rebut, clarify, or correct. The regulations, at 19 CFR 351.301, also provide specific time limits for such factual submissions based on the type of factual information being submitted. Please review the final rule, available at *http://enforcement.trade.gov/frn/2013/1304frn/2013-08227.txt,* prior to submitting factual information in this segment.

Any party submitting factual information in an antidumping duty or countervailing duty proceeding must certify to the accuracy and completeness of that information.[13] Parties are hereby reminded that revised certification requirements are in effect for company/government officials as well as their representatives. All segments of any antidumping duty or countervailing

[13] *See* section 782(b) of the Act.

duty proceedings initiated on or after August 16, 2013, should use the formats for the revised certifications provided at the end of the *Final Rule*.[14] Commerce intends to reject factual submissions in any proceeding segments if the submitting party does not comply with applicable revised certification requirements.

**Extension of Time Limits Regulation**

Parties may request an extension of time limits before a time limit established under Part 351 expires, or as otherwise specified by the Secretary. *See* 19 CFR 351.302. In general, an extension request will be considered untimely if it is filed after the time limit established under Part 351 expires. For submissions which are due from multiple parties simultaneously, an extension request will be considered untimely if it is filed after 10:00 a.m. on the due date. Examples include, but are not limited to: (1) Case and rebuttal briefs, filed pursuant to 19 CFR 351.309; (2) factual information to value factors under 19 CFR 351.408(c), or to measure the adequacy of remuneration under 19 CFR 351.511(a)(2), filed pursuant to 19 CFR 351.301(c)(3) and rebuttal, clarification and correction filed pursuant to 19 CFR 351.301(c)(3)(iv); (3) comments concerning the selection of a surrogate country and surrogate values and rebuttal; (4) comments concerning U.S. Customs and Border Protection data; and (5) quantity and value questionnaires. Under certain circumstances, Commerce may elect to specify a different time limit by which extension requests will be considered untimely for submissions which are due from multiple parties simultaneously. In such a case, Commerce will inform parties in the letter or memorandum setting forth the deadline (including a specified time) by which extension requests must be filed to be considered timely. This modification also requires that an extension request must be made in a separate, stand-alone submission, and clarifies the circumstances under which Commerce will grant untimely-filed requests for the extension of time limits. These modifications are effective for all segments initiated on or after October 21, 2013. Please review the final rule, available at *http://www.gpo.gov/fdsys/pkg/FR-2013-09-20/html/2013-22853.htm*, prior to submitting factual information in these segments.

These initiations and this notice are in accordance with section 751(a) of the Act (19 U.S.C. 1675(a)) and 19 CFR 351.221(c)(1)(i).

Dated: March 11, 2019.

**James Maeder,**

*Associate Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations performing the duties of Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations.*

[FR Doc. 2019–04750 Filed 3–13–19; 8:45 am]

**BILLING CODE 3510–DS–P**

---

**DEPARTMENT OF COMMERCE**

**National Oceanic and Atmospheric Administration**

**Ocean Exploration Advisory Board**

**AGENCY:** Office of Ocean Exploration and Research (OER), National Oceanic and Atmospheric Administration (NOAA), Department of Commerce (DOC).

**ACTION:** Notice of public meeting.

**SUMMARY:** This notice sets forth the schedule and proposed agenda of a forthcoming meeting of the Ocean Exploration Advisory Board (OEAB). OEAB members will discuss and provide advice on Federal ocean exploration programs, with a particular emphasis on National Oceanic and Atmospheric Administration (NOAA) Office of Ocean Exploration and Research (OER) activities. The OEAB will discuss its response to the Education Subcommittee review recommendations, the Blue Economy, National Ocean Exploration Forums, developments in technology related to ocean exploration, and other matters as described in the agenda found on the OEAB website at *http://oeab.noaa.gov*.

*Time and Dates:* The announced meeting is scheduled for Tuesday, March 26, 2019 from 9:00 a.m. to 5:00 p.m. PDT and Wednesday, March 27, 2019 from 9:00 to 5:00 p.m. PDT.

**ADDRESSES:** The meeting will be held at: Board Room, Port of Oakland, 530 Water St., Oakland, CA 94607.

*Status:* The meeting will be open to the public with a 15-minute public comment period on Tuesday, March 26, 2019 from 11:45 a.m. to 12:00 p.m. PDT (please check the final agenda on the website to confirm the time). The public may listen to the meeting and provide comments during the public comment period via teleconference. Dial-in information may be found on the meeting agenda posted to the OEAB website.

The OEAB expects that public statements at its meetings will not be repetitive of previously submitted verbal or written statements. In general, each individual or group making a verbal presentation will be limited to three minutes. The Designated Federal Officer must receive written comments by March 23, 2019 to provide sufficient time for OEAB review. Written comments received after March 23, 2019 will be distributed to the OEAB but may not be reviewed prior to the meeting date. Seats will be available on a first-come, first-served basis.

*Special Accommodations:* These meetings are physically accessible to people with disabilities. Requests for sign language interpretation or other auxiliary aids should be directed to David McKinnie, Designated Federal Officer (see below) by March 23, 2019.

**FOR FURTHER INFORMATION CONTACT:** Mr. David McKinnie, Designated Federal Officer, Ocean Exploration Advisory Board, National Oceanic and Atmospheric Administration, 7600 Sand Point Way NE, Seattle, WA 98115, (206) 526–6950.

**SUPPLEMENTARY INFORMATION:** NOAA established the OEAB under the Federal Advisory Committee Act (FACA) and legislation that gives the agency statutory authority to operate an ocean exploration program and to coordinate a national program of ocean exploration. The OEAB advises NOAA leadership on strategic planning, exploration priorities, competitive ocean exploration grant programs and other matters as the NOAA Administrator requests.

OEAB members represent government agencies, the private sector, academic institutions, and not-for-profit institutions involved in all facets of ocean exploration—from advanced technology to citizen exploration.

In addition to advising NOAA leadership, NOAA expects the OEAB to help to define and develop a national program of ocean exploration—a network of stakeholders and partnerships advancing national priorities for ocean exploration.

Dated: March 7, 2019.

**David Holst,**

*Chief Financial Officer/Administrative Officer, Office of Oceanic and Atmospheric Research, National Oceanic and Atmospheric Administration.*

[FR Doc. 2019–04783 Filed 3–13–19; 8:45 am]

**BILLING CODE 3510–KA–P**

---

[14] *See Certification of Factual Information To Import Administration During Antidumping and Countervailing Duty Proceedings,* 78 FR 42678 (July 17, 2013) (*Final Rule*); *see also* the frequently asked questions regarding the *Final Rule*, available at *http://enforcement.trade.gov/tlei/notices/factual_info_final_rule_FAQ_07172013.pdf*.